UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | 2:13-cv-159-SVW-AGR | Date | March 13, 2013 |
|---|---|---|---|
| Title | Guild Mortgage co. v. William R. Brickner, et al. | | |

JS-6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| N/A | | N/A |

**Proceedings:**       IN CHAMBERS ORDER Re REMAND

### I. INTRODUCTION

On October 5, 2012, Plaintiff Guild Mortgage Company, Inc., brought its unlawful detainer action against Defendant William Brickner (proceeding *pro se*) in California state court. On January 9, 2013, Defendant filed his notice of removal in this Court, asserting that the Protecting Tenants at Foreclosure Act of 2009 ("PTFA"), P.L. No. 111-22 (2009), confers jurisdiction upon this Court. This Court held two status conferences on this matter—one on March 4, 2013, and the other on March 11, 2013. Defendant did not appear at either. For the reasons below, the Court *sua sponte* finds that it does not have subject matter jurisdiction and remands this matter to California state court. See Snell v. Cleveland, Inc., 316 F.3d 822, 826 (9th Cir. 2002) ("[A] court may raise the question of subject matter jurisdiction, *sua sponte,* at any time during the pendency of the action . . . .").

### II. DISCUSSION

Removal statutes are "strictly construed against removal." Luther v. Countrywide Home Loans Servicing LP, 533 F.3d 1031, 1034 (9th Cir. 2008). "A defendant seeking removal has the burden to establish that removal is proper and any doubt is resolved against removability." Id. Moreover, in assessing whether a plaintiff's claims were properly removable under § 1441(c), a court "look[s] to the plaintiff's pleadings." Boggs v. Lewis, 863 F.2d 662, 663-4 (9th Cir. 1988).

Defendant argues that this Court nonetheless has jurisdiction under the artful pleading doctrine. This "corollary to the well-pleaded complaint rule" provides that "although the plaintiff is master of his

|  | : |  |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-159-SVW-AGR | Date | March 13, 2013 |
|---|---|---|---|
| Title | Guild Mortgage co. v. William R. Brickner, et al. | | |

own pleadings, he may not avoid federal jurisdiction by omitting from the complaint allegations of federal law that are essential to the establishment of his claim." Lippitt v. Raymond James Fin. Services, Inc., 340 F.3d 1033, 1041 (9th Cir. 2003) (internal citations, quotation marks, and alteration omitted). The Ninth Circuit has cautioned that courts should use this doctrine "only in limited circumstances as it raises difficulty issues of state and federal relationships and often yields unsatisfactory results." Id. (internal citations and quotation marks omitted). To that end, courts have only used the artful pleading doctrine to find federal subject matter jurisdiction in either 1) complete preemption cases or 2) substantial federal question cases. Id. "Substantial federal question cases" are those "where the claim is necessarily federal in character" or "where the right to relief depends on the resolution of a substantial, disputed federal question." Id. at 1041-42 (internal citations omitted).

Defendant contends that Plaintiff's unlawful detainer action "attempts to state a cause of action in PTFA ejectment." Defendant is wrong—the PTFA does not give landlords a right of ejectment. The PTFA required "any immediate successor in interest" to a foreclosed property to allow "bona fide tenant[s]" of the property to "occupy the premises until the end of the remaining term of the lease, except that a successor in interest may terminate a lease effective on the date of sale" after giving a tenant 90 days notice. P.L. No. 112-22 § 702(a)(2). The statute provides protections to tenants in unlawful detainers, but did not give landlords—including Plaintiff—a separate cause of action to eject tenants. To the contrary, an unlawful detainer claim, like the one asserted by Plaintiff in state court, is based "strictly upon California law." Bank of New York Mellon v. Lee, No. CV 12-3669 SJO SHX, 2012 WL 1977311, at *2 (C.D. Cal. May 31, 2012). Plaintiff has failed to meet his burden of demonstrating that Plaintiff's cause of action is "necessarily federal in character."

To the extent Plaintiff argues that the PTFA provides him a federal defense, that argument is irrelevant for jurisdictional purposes. "A federal law defense to a state-law claim does not confer jurisdiction on a federal court, even if the defense is that of federal preemption and is anticipated in the plaintiff's complaint." Valles v. Ivy Hill Corp., 410 F.3d 1071, 1075 (9th Cir. 2005) (citing Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 14 (1983)). Several courts in this district have held that a defense under the PTFA does not confer federal courts with subject matter jurisdiction. See Lee, 2012 WL 1977311, at *2 ("Defendant's argument that the PTFA preempted California law as to Plaintiff's claims against residential tenants of foreclosed landlords is best characterized as a federal defense or a potential counter-claim, neither of which is considered when determining federal question jurisdiction."); Fed. Nat. Mortg. Ass'n v. Brooks, No. CV 12-00109 MMM FFM, 2012 WL 773073, at *4 (C.D. Cal. Mar. 7, 2012) (same); Wescom Credit Union v. Dudley, CV 10-8203 GAF SSX, 2010 WL 4916578, at *2 (C.D. Cal. Nov. 22, 2010) (same); see also Aurora Loan Services, LLC v. Montoya, 2:11-CV-2485-MCE-KJN, 2011 WL 5508926, at *3 (E.D. Cal. Nov. 9, 2011) (same).

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-159-SVW-AGR | Date | March 13, 2013 |
|---|---|---|---|
| Title | Guild Mortgage co. v. William R. Brickner, et al. | | |

### III. CONCLUSION

For the reasons put forward in this Order, the Court DISMISSES this action for lack of subject matter jurisdiction and REMANDS it to state court for further proceedings.

| | : | |
|---|---|---|
| | Initials of Preparer | PMC |